UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 13-66-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ALIYA RAE ADAMS, | ) | **MEMORANDUM ORDER** |
| | ) | **AND OPINION** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Aliya Rae Adams's motion to suppress evidence obtained from her residence pursuant to a state search warrant.  [Record No. 49]  The motion was referred to United States Magistrate Judge Robert E. Wier pursuant to 28 U.S.C. § 636(b)(1)(A).  The parties waived an evidentiary hearing.  On July 3, 2013, the magistrate judge issued his report, recommending that the defendant's motion be denied.  [Record Nos. 53, 54, 73]  The defendant filed objections to the Recommended Disposition on July 5 2013.  [Record No. 74]  After reviewing all matters filed in this action, the Court will deny the defendant's motion to suppress.[1]

---

1       While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions under a *de novo* or any other standard when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Nevertheless, having examined the record and having made a *de novo* determination of the issues raised by the defendant, the Court agrees with the magistrate judge's recommendations concerning the motion to suppress.

# I.

The relevant facts are not disputed.  On March 14, 2013, Detective Jared Curtsinger of the Lexington Division of Police obtained and executed a search warrant for the person and residence of Robert Earl Jones, a co-defendant in this criminal action.  Detective Curtsinger had been investigating Jones for heroin trafficking in Lexington.  The previous day, after presenting affidavits in support to Fayette District Judge Joe Bouvier, Detective Cursinger obtained warrants to search Jones's home and his person, as well as for a GPS tracking device to placed on Jones's vehicle.  On the date the warrants were executed, Detective Curtsinger recovered an ounce of heroin from Jones's person.  Jones immediately cooperated with law enforcement and made inculpatory statements.  In relevant part, Jones informed the officers that he had purchased the heroin from Defendant Adams at her residence in the Preakness Apartments on Versailles Road for $3,000.00.  That same day, based on this information, along with other corroborating evidence, Detective Curtsinger submitted an application for a warrant to search Defendant Adams's person and residence.  [*See* Record Nos. 49-3, 58-2.]  Judge Bouvier reviewed Detective Curtsinger's affidavit, found that there was probable cause, and issued the requested search warrant.

Law enforcement officers executed the warrant in the late afternoon on March 14.  During the search of Adams's residence, officers located and seized various items of drug paraphernalia, heroin, and cutting agents.  Adams made incriminating statements to Detective

Curtsinger and was subsequently arrested.[2]  On June 17, 2013, Adams filed the current motion to suppress, seeking to exclude the evidence obtained as a result of this search.  [Record No. 49]

## II.

Adams asserts that the search was illegal because the warrant was issued without a foundational basis to support a probable cause finding.  [Record No. 49-1, p. 3]  She also argues that, as a result of the illegal search, the incriminating statements she made to law enforcement following her arrest should be suppressed as fruit of the poisonous tree.  She contends that the good faith exception to the exclusionary rule does not apply to her case.  [*Id.*, pp. 6-7]  However, Magistrate Judge Wier concluded that Adams's motion to suppress should be denied because a substantial factual basis supported the issuance of the warrant.  And he further determined that the exclusionary rule should not be applied notwithstanding his initial conclusion.  [Record No. 73, pp. 5-15]

Adams relies primarily on *United States v. Higgins*, 557 F.3d 381 (6th Cir. 2009), in support of her claim that the search warrant pertaining to her residence was constitutionally deficient.  [Record No. 74, p. 1]  She argues that the affidavit supporting the search is a "carbon copy" of the *Higgins* affidavit which was found to be deficient.  [Record No. 49-1, pp. 5-6]  Specifically, Adams argues that the subject affidavit: (i) fails to attest to Jones's reliability; (ii) lacks sufficient corroborating information regarding the informant's statements; and (iii) fails

---

2       On May 3, 2013, a federal grand jury indicted Defendants Adams, Jones and Eric Dwayne Jackson on numerous charges relating to heroin trafficking. [Record No. 1] Counts 1-3 and the forfeiture count apply to Adams.  Count 1 charges her with conspiracy to distribute 100 grams or more of a mixture of substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1), and 846.  Counts 2 and 3 charge Adams with possession with intent to distribute heroin and the distribution of heroin, respectively.

to establish a sufficient nexus between the evidence sought and the place to be searched.  [*Id.*, pp. 4-6]  The defendant asserts that the "two main differences between *Higgins* and the case *sub judice* are that the Defendant does not have prior felony convictions for trafficking and that Curtsinger observed Jones at the Defendant's residence," both of which she argues are "largely irrelevant."  [*Id.*, p. 6]  Magistrate Judge Wier found these arguments to be without merit. [Record No. 73]

In her objections, Adams reiterates her earlier arguments concerning *Higgins,* and rehashes issues previously addressed in Magistrate Judge Wier's Recommended Disposition. [Record No. 74] Specifically, she contends that, "[w]hile there were facts present in Curtsinger's affidavit which went to probable cause that were not present in *Higgins*, there were also facts present in *Higgins* which went to probable cause that were not present here."  [*Id.*, p. 1]  Adams relies on the fact that the informant in *Higgins* had two passengers who corroborated the information provided to police, and argues that, unlike Adams, the *Higgins* defendant had two prior felony convictions for narcotics trafficking.  [*Id.* (citing *Higgins,* 557 F.3d at 385)]  She concedes that Curtsinger's observation of Jones at her residence "obviously weighs towards a finding of probable cause."  However, she contends that it has no more probative force than the two sources of independent corroboration in *Higgins*.[3]  [*Id.*, p. 2]  Thus, she argues that the

---

3    Magistrate Judge Wier specifically addressed these two issues in his Recommended Disposition while discussing the holding in *Higgins*.  [Record No. 73, pp. 8-9]  As noted by the magistrate judge, the *Higgins* court found that "[t]he affidavit states that the other passengers in the car confirmed the informant's statement, but it does not say whether they did so unprompted or if the police asked them whether the drugs had come from Higgins's apartment."  557 F.3d at 390.  Additionally, the *Higgins* court noted that, although the defendant had a drug-related criminal history, "none of these facts supports the informant's assertion that he had purchased drugs from Higgins at this location the previous day."  *Id.*

distinctions between the affidavit here versus the affidavit submitted in *Higgins* are without a constitutional difference.  Thus, the incriminating evidence and her inculpatory statements should be excluded.  [*Id.*]

As noted above, Magistrate Judge Wier addressed these distinctions in his Recommended Disposition and correctly found that the subject affidavit provided a sufficient, objective factual basis to justify the issuance of the search warrant.  [Record No. 73, pp. 8-9]  The magistrate judge compared the *Higgins* affidavit with the subject affidavit and found that, while there were some "credible parallels," the subject affidavit is "clearly distinguishable."  [Record No. 73, pp. 9-11]  Here, the affidavit averred that: (i) he actually observed Jones at Adams's apartment complex, and that Jones only remained there for approximately five minutes; (ii) he observed Jones leave the apartment complex and travel directly to his residence where law enforcement were waiting for him and recovered an ounce of heroin from his person; (iii) Jones informed law enforcement officers that the drug transaction occurred immediately prior to his arrest and that this transaction took place *inside* the defendant's apartment; and (iv) Jones provided law enforcement with a physical description of the defendant and positively identified Adams in a photograph.  These facts provided the objective corroboration for Jones's statements that was missing in *Higgins*.

Additionally, these facts establish a temporal proximity between the observation of Jones's presence at Adams's apartment and the recovery of drugs, as well as a sufficient nexus between the evidence sought and the place to be searched.  *See Higgins*, 557 F.3d at 390.  Jones credibly described the source and the source location of the drugs, both of which were

corroborated through objective means.  As Magistrate Judge Wier correctly concluded, the "constellation of circumstances surely combines to yield a fair probability that Adams's apartment would contain contraband," and that under the "totality of circumstances," reviewing the four corners of the affidavit, probable cause supported the warrant to search Adams and her property.  [Record No. 73, p. 11 (citing *United States v. Dyer*, 580 F.3d 386, 392 (6th Cir. 2009))]

Because probable cause supported the warrant, there is no basis to suppress the defendant's incriminating statements as fruit of the poisonous tree.  *See United States v. Smith*, 386 F.3d 753, 763 (6th Cir. 2004).  However, even if the Court were to reach a contrary conclusion regarding the basis for the warrant, Adams's arguments concerning the applicability of the exclusionary rule would be misplaced.  For exclusion to be appropriate, courts must perform a balancing test to determine whether the deterrent benefits of suppression outweigh the substantial costs of "almost always requir[ing] courts to ignore reliable, trustworthy evidence." *Davis v. United States*, 131 S. Ct. 2419, 2427 (2011); *see also United States v. Master*, 614 F.3d 236, 242-43 (6th Cir. 2010).  In weighing the deterrent benefits of exclusion, courts should focus on the culpability of the law enforcement conduct at issue.  Therefore, if law enforcement officers act with "deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights, the deterrent value of exclusion is strong and tends to outweigh the resulting costs." *Davis*, 131 S. Ct. at 2427 (quotation marks and citations omitted).

The record in this matter, however, is devoid of any evidence to suggest that law enforcement acted with deliberate, reckless, or grossly negligent disregard for Adams's Fourth

Amendment rights.  As a result, suppression would have either little or no deterrent value.  *See Higgins*, 557 F.3d at 391. Again, while there are some similarities between the affidavit here and in *Higgins*, there were critical differences to support an objective officer's reasonable belief that the Curtsinger affidavit supported a probable cause finding.  This includes intra-apartment observations, the immediacy between purchase and police contact, and law enforcement's confirmation that Jones was at Adams's apartment complex minutes before discovery of the drugs.  In short, because the affidavit meets the objective reasonableness requirements of *Leon*, 468 U.S. 897, suppression is not warranted.

## III.

Magistrate Judge Wier correctly concluded that the subject affidavit sufficiently demonstrates a nexus between the place to be searched and the evidence sought.  Further, a substantial basis existed for Judge Bouvier to conclude that a search would uncover evidence of wrongdoing.  Accordingly, it is hereby

**ORDERED** as follows:

1.      The Recommended Disposition of Magistrate Judge Robert E. Wier [Record No. 73] is **ADOPTED** and **INCORPORATED** by reference.

2.      Defendant Adams's objections to the Magistrate Judge's Recommended Disposition [Record No. 74] are **OVERRULED**.

3.      Defendant Adams's Motion to Suppress [Record No 49] is **DENIED**.

4.      Defendant Adams's Motion for Re-Arraignment [Record No. 64] is **GRANTED**.

5.      Re-arraignment of Defendant Adams on the charges contained in the Indictment

is  scheduled for **Wednesday, July 17, 2013**, beginning at the hour of **9:30 a.m.**, at the United

States Courthouse in Lexington, Kentucky.  The pretrial conference and trial are **CANCELED**

This 9th day of July, 2013.

**Signed By:**

**_Danny C. Reeves_**

**United States District Judge**

-8-